UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:

    QUALITY STORES, INC., et al.,

    Debtors.
_____/

VERMONT DEPARTMENT OF TAXES,

    Appellant,

v.                                         File No.  1:05-CV-276

                                                          HON. ROBERT HOLMES BELL

QUALITY STORES, INC., et al.,

    Appellees.
_____/

## **O P I N I O N**

This is an appeal from an order in a bankruptcy case denying a state's motion to dismiss on the basis of sovereign immunity.

**I**.

Quality Stores, Inc. ("Quality") operated a retail store in Vermont. On October 20, 2001, creditors of Quality filed an involuntary petition for bankruptcy relief against Quality in this Court. Quality closed its retail store in Vermont on January 27, 2002.

In August 2003, after the commencement of the bankruptcy case, Quality filed amended sales tax returns with Vermont for 2000 and 2001 and requested a refund of $10,809.28 from the Vermont Department of Taxes. The Department denied the request

based on Quality's failure to provide documentation in the form of daily cash register receipts or store sales records to substantiate its claim for a refund. (Am. Compl. Ex. F). Quality appealed this decision to the Vermont Commissioner of Taxes. On April 9, 2004. The Commissioner held that the Department's denial of a refund was reasonable and supported by Vermont law because Quality did not retain required records for the statutory period and it would be inappropriate to allow refunds in cases where the Department cannot audit. (Am. Compl. Ex. A).

On April 23, 2004, Quality filed an adversary proceeding against the State of Vermont, Department of Taxes (Vermont") pursuant to 11 U.S.C. §§ 541, 542 and 505, seeking "the turnover of $10,809.28 from Vermont for overpaid sales taxes" paid in 2000 and 2001. (Adv. Compl. ¶¶ 7 & 8).

Vermont filed a motion to dismiss on the basis of sovereign immunity. On March 23, 2005, the bankruptcy court entered an order denying Vermont's motion to dismiss. The bankruptcy court agreed with Vermont that the adversary proceeding seeking a money judgment against Vermont does not involve the court's *in rem* jurisdiction. Nevertheless, the bankruptcy court determined that it was bound by the Sixth Circuit's decisions in *Hood v. Tenn. Student Assistance Corp. (In re Hood)*, 319 F.3d 755, 760 (6th Cir. 2003), *aff'd on other grounds*, 541 U.S. 440 (2004), and *H.J. Wilson Co v. Comm'r of Revenue of Mass. (In re Service Merchandise Co.)*, 333 F.3d 666 (6th Cir. 2003), *cert . denied*, 124 S. Ct. 2388 (2004), which held that 11 U.S.C. § 106(a) represents a valid Congressional abrogation of state sovereign immunity.

Vermont appealed the bankruptcy court's denial of its motion to dismiss. The action was temporarily stayed pending a decision from the Supreme Court in *Central Virginia Community College v. Katz*, 126 S. Ct. 990 (2006). After *Katz* was decided in February 2006 the case was referred to the bankruptcy appellate panel. It was subsequently transferred back to this Court based on Appellant's election to have the appeal heard by the district court.

## II.

The issue on appeal is whether the bankruptcy court properly denied Vermont's motion to dismiss Quality's adversary action on the basis of sovereign immunity.

In its adversary action Quality seeks a determination that it has a right to a sales and use tax refund from the State of Vermont pursuant to § 505[1] and it also seeks a turnover of the tax refund as property of the estate pursuant to § 542. Vermont contends that because the money has already been paid to the State, Quality's adversary proceeding to obtain a refund requires the bankruptcy court to exercise *in personam* jurisdiction over the State. Section 106(a) of the Code provides that "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this

---

[1]Section 505 provides in pertinent part:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a).

section with respect to" certain enumerated code sections, including sections 505 and 542. 11 U.S.C. § 106(a)(1).

The Sixth Circuit held in *Hood* that Congress had authority under the Bankruptcy Clause to abrogate state sovereign immunity. 319 F.3d at 767. Although the Supreme Court granted *certiorari* to determine whether this was so, it never reached the question, affirming on other grounds. The Supreme Court held that proceedings initiated by a debtor against a state agency to determine whether a student loan could be discharged as an undue hardship under 11 U.S.C. § 523 was an *in rem* proceeding that did not require the bankruptcy court to assert its *in personam* jurisdiction, and consequently did not impact state sovereign immunity. *Hood*, 541 U.S. at 453. The Supreme Court declined to decide whether a bankruptcy court's exercise of personal jurisdiction over a State would be valid under the Eleventh Amendment. *Id.* at 454.

In *In re Wallace's Bookstore, Inc.*, No. 03-6054, 2004 WL 1763229 (6th Cir. Aug. 4, 2004) (per curiam), *aff'd sub nom Central Virginia Community College v. Katz*, 544 U.S. 960 (2006), a trustee filed an adversary action pursuant to §§ 547(b) and 550(a) to avoid and recover preferential transfers made to state agencies. The Sixth Circuit applied *Hood* and held that Congress had validly abrogated the States' sovereign immunity in bankruptcy proceedings. *Id.*

The Supreme Court granted *certiorari* to consider the question left open by its opinion in *Hood*, i.e., whether Congress' attempt to abrogate state sovereign immunity in 11 U.S.C. § 106(a) is valid. *Katz*, 126 S. Ct. at 995. The Court again declined to answer this question

4

because it concluded that "the enactment of that provision [§ 106(a)] was not necessary to authorize the Bankruptcy Court's jurisdiction over these preference avoidance proceedings." *Id.* Instead, the Court rephrased the issue:

> The relevant question is not whether Congress has "abrogated" States' immunity in proceedings to recover preferential transfers. *See* 11 U.S.C. § 106(a). The question, rather, is whether Congress' determination that States should be amenable to such proceedings is within the scope of its power to enact "Laws on the subject of Bankruptcies." We think it beyond peradventure that it is.

*Id.* at 1005 (footnote omitted). "The ineluctable conclusion, then, is that States agreed in the plan of the Convention not to assert any sovereign immunity defense they might have had in proceedings brought pursuant to 'Laws on the subject of Bankruptcies.'" *Id.* at 1004. "In ratifying the Bankruptcy Clause, the States acquiesced in a subordination of whatever sovereign immunity they might otherwise have asserted in proceedings necessary to effectuate the *in rem* jurisdiction of the bankruptcy courts." *Id.* at 1005. The Supreme Court clarified that it did "not mean to suggest that every law labeled a 'bankruptcy' law could, consistent with the Bankruptcy Clause, properly impinge upon state sovereign immunity." *Id.* The Supreme Court did not, however, delineate where or how that line would be drawn.

Vermont contends that the ruling in *Katz* is limited to *in personam* proceedings which are necessary to effectuate the bankruptcy court's *in rem* jurisdiction. Vermont contends that unlike *Katz*, a determination of Quality's right to a tax refund is not an *in rem* proceeding. It is not about property in the bankruptcy estate, but property in the possession of Vermont. In order to obtain a § 505 determination of its right to a refund, Quality must force Vermont

5

to appear and defend in bankruptcy court against its will. Vermont also contends that a proceeding to recover state taxes under § 505 differs from the proceedings in *Hood* and *Katz* because the underlying proceedings in *Hood* and *Katz* involved benefits provided in the bankruptcy code: a hardship discharge from student loans under § 523(a)(8) and avoidance of preferential transfers under § 547(b). According to Vermont, the refund of an alleged overpayment of Vermont sales tax is different because it requires application of Vermont law, rather than federal law, and Vermont has an adequate procedure for determining the right to a refund.

Vermont's argument ignores the most obvious impediment to its position – the existence of binding Sixth Circuit precedent holding that the abrogation of sovereign immunity in § 106(a) was a valid exercise of Congressional power. *Hood*, 319 F.3d at 767. The Supreme Court did not vacate or reverse this holding in *Hood* or in *Katz*. On each occasion the Supreme Court declined to rule on the validity of § 106(a) and affirmed the Sixth Circuit's decision on other grounds. This Court is therefore bound by the Sixth Circuit's opinion in *Hood*. Furthermore, the Sixth Circuit has not limited its holding in *Hood* to adversary proceedings involving undue hardships under § 523. In *Wallace's Bookstore* it applied *Hood* to preferential transfers under § 547. In *In re Service Merchandise Co., Inc.*, 333 F.3d 666 (6th Cir. 2003), the Sixth Circuit applied *Hood* to § 505, the same section at issue in this case. The Sixth Circuit held that in light of *Hood*, the State of Massachusetts was not entitled to dismissal on sovereign immunity grounds from an adversary proceeding under § 505 for a refund of corporate excise taxes paid to the State of Massachusetts. *Id*. at

6

668-69. *Service Merchandise* is squarely on point. Accordingly, this Court, like the bankruptcy court, is bound by the Sixth Circuit's ruling that § 106(a) represents a valid abrogation of sovereign immunity.

Vermont also contends that a § 505 determination is not necessary to effectuate the bankruptcy court's *in rem* jurisdiction because Vermont has provided an adequate procedure for determining Quality's right to a refund that is sufficient to satisfy the purposes of § 505(a)(1).

Whether this is an argument for abstention or an argument regarding the discretionary authority of the court to determine tax liability under § 505(a), it exceeds the scope of the appeal. The bankruptcy court's ruling on Vermont's motion to dismiss addressed only the issue of sovereign immunity, and the court specifically made no determination regarding other issues, such as permissive abstention. (Bkrp. Op. at 8, n. 9). The issues of abstention and the discretionary authority § 505(a) should be addressed in the first instance by the bankruptcy court. *See Service Merchandise*, 333 F.3d at 669 (declining to address abstention in the first instance).

For the foregoing reasons, this Court affirms the bankruptcy court's denial of Vermont's motion to dismiss on sovereign immunity grounds.

An order consistent with this opinion will be entered.

Dated:   October 4, 2006                  /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT JUDGE